UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MELANIE MARGARET WHIPPLE | CIVIL ACTION |
| VERSUS | NO. 11-2590 |
| SEARS, ROBEBUCK AND COMPANY, ET AL | SECTION "C" (2) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition seeks damages for personal injuries allegedly sustained in the defendant's store on October 12, 2010, when three boxes fell on top of her. Suit was filed on September 14, 2011, and the defendant filed a petition for removal on October 14, 2011, based on diversity.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction. Asociacion Nacional De Pescadores A Pequena

Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

     The defendants have not met their burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden.  The plaintiff maintains that the jurisdictional minimum was met at the time of removal "largely based on her medical diagnoses and

treatment." Rec. Doc. 24. The plaintiff provides proof of chiropractic, physical therapy, and medical expenses in the approximate amount of $14,300 at the time of removal, based on a diagnosis for a fractured rib and complains of pain in her shoulder and numbness in her arm. Rec. Doc. 24. Shortly after removal, a neurologist opined that an MRI showed left cervical disc disease at C5/C6 with neuroforaminal stensosis and cervical spasm. Rec. Doc. 24. The record lacks evidence of a final prognosis, the length of any alleged disability or whether surgery will be required. Although the defendant notes that it would accept a binding stipulation that the damages were less than $75,000, its claim that diversity jurisdiction exists is not supported with proof. Absent some proof supporting that admission, federal jurisdiction would be based, at best, on speculation or consent, neither of which is permitted.

Based on the record and the law, the Court can not find that the defendant has established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 28th day of February, 2012.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE